Dear Major General Wyatt:
This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:
 1. What is meant by the term "State Sponsored Life Insurance" ("SSLI"), as used in the newly enacted 44 O.S. Supp. 2005, § 77[44-77], that authorizes the expenditure of State funds for payment/reimbursement of life insurance premiums to provide life insurance for qualified military members of the Oklahoma National Guard?
 2. Does the Adjutant General have the authority under 44 O.S. Supp. 2005, § 77[44-77], to enter into a contract and purchase SSLI for members of the National Guard through a program of the National Guard Association of Oklahoma?
 3. Does the language "payment/reimbursement of insurance premiums" as used in 44 O.S. Supp. 2005, § 77[44-77], authorize or require the Adjutant General to enter into a contract to purchase life insurance for qualified military members of the National Guard, with or without their consent?
 4. Does the Adjutant General have the authority, under 44 O.S. Supp. 2005, § 77[44-77], to restrict members from receiving a reimbursement for the "Servicemember's Group Life Insurance" ("SGLI") premium and require them to accept a policy through the SSLI program?
 INTRODUCTION
Your questions deal with recent legislation authorizing the Oklahoma Adjutant General, who is head of the Oklahoma National Guard, to pay for life insurance coverage for qualified military members of the Oklahoma National Guard. The statute in question is 44 O.S. Supp. 2005, § 77[44-77]. That statute provides:
 The Adjutant General is hereby authorized to expend state funds specifically appropriated by the Legislature for payment/reimbursement of insurance premiums to provide coverage up to the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) under Serviceman's Group Life Insurance (SGLI) or State Sponsored Life Insurance (SSLI) for the military members of the Oklahoma Army and Air National Guard. Qualification for this insurance benefit is limited to military members of the Oklahoma Army and Air National Guard who are in good standing in their unit and satisfactorily performing all required training.
Id.
In authorizing the Adjutant General to provide for payment/reimbursement of insurance premiums for qualified military members of the Oklahoma Army and Air National Guard, the Legislature took advantage of two existing life insurance programs:
 1. Serviceman's Group Life Insurance ("SGLI") (see 38 U.S.C. §§ 1965-1976) provided by the federal government, and
 2. State Sponsored Life Insurance ("SSLI") provided by a state or through a State National Guard Association. See http://www.ngaus.org (last visited Apr. 11, 2006).
 II. A. FEDERALLY PROVIDED SERVICEMEMBERS' GROUPLIFE INSURANCE("SGLI")
The insurance available through the federal government is a low-cost group term life insurance program automatically available to all service members on active duty, active duty for training or inactive duty training and members of the Reserve Corps. 38 U.S.C. § 1967(a)(1) (2005). The program — today called Servicemembers' Group Life Insurance ("SGLI") — was established as the Serviceman's Group Life Insurance by Public Law 89-214, which became effective on September 29, 1965, and made insurance available to active duty members of the Army, Navy, Air Force, Marine Corps, Coast Guard, and other Commissioned Corps. See38 U.S.C. §§ 1965-1976 (2005). The federal program has been revised and updated numerous times and now covers members of the National Guard. 38 U.S.C. § 1977(h)(1) (2005); see also Foremanv. Prudential Ins. Co., 657 F.2d 717, 724 (5th Cir. 1981) (holding "SGLI coverage is effective for members of the Army National Guard upon enlistment and assignment to a Guard unit meeting the statutory requirements").
Not only is SGLI a federal program, technically the federal government rather than the servicemember is the policyholder; additionally, it is "both a government contract and a federal statute," and its policies are governed by a uniform set of rules set out by federal law. Rice v. Office of Servicemembers' GroupLife Ins., 260 F.3d 1240, 1246 (10th Cir. 2001). Policies are automatically activated when the members enter the National Guard with coverage available in $50,000 increments up to $400,000, the maximum amount of coverage, unless the servicemember opts out in writing. 38 U.S.C. § 1967(a)(2)(A), (a)(3)(A), (B) (2005). A servicemember may elect in writing to reduce or have no life insurance coverage. Id.
 B. STATE SPONSORED LIFE INSURANCE ("SSLI") — AVAILABLE THROUGH A STATE OR STATE NATIONAL GUARD ASSOCIATION, SUCH AS THE OKLAHOMA NATIONAL GUARD ASSOCIATION
The other existing insurance program that the Legislature sought to take advantage of in enacting 44 O.S. Supp. 2005, § 77[44-77], is a life insurance program presently offered by the State National Guard Associations to their members. Each state, including Oklahoma, has a National Guard Association. See
http://www.ngaus.org/content.asp?bid=38 (last visited Apr. 11, 2006). These private, voluntary organizations exist to promote the interest of the members of the National Guard Association and are open to members of the National Guard, who must pay dues to join. See http://www.ngaus.org/index.asp?bid=93 (last visited Apr. 11, 2006). Among the programs offered by the State National Guard Associations are life insurance programs commonly referred to as State Sponsored Life Insurance ("SSLI"). See
http://www.ngaus.org (last visited Apr. 11, 2006); see also
SSLI-STATE SPONSORED LIFE INSURANCE, THREESSLI PROGRAMSSPONSORED BY NATIONAL GUARD ASSOCIATION OF OKLAHOMA, LEVEL TO AGE 50 • LEAN 15SM • MILITIA PLANGROUPTERM LIFEINSURANCEPLANS (Nat'l Guard Ass'n of Okla. (2005)) [hereinafter Three SSLI Programs] (on file with the Okla. Attorney General's office).
On May 24, 1974, Public Law 93-289, § 11(a) (codified as amended at 37 U.S.C. § 707(a) (1991)), gave National Guard members the ability to have portions of their paycheck deducted for premiums under a group life insurance policy (such as SSLI) if the National Guard Association of that state agreed to reimburse the federal government for the expenses related thereto. Section 707 in pertinent part provides:
 (a) The Secretary of the Army or the Secretary of the Air Force, as the case may be, may allow a member of the National Guard who is not on active duty to make allotments from his pay under sections 204 and 206 of this title for the payment of premiums under a group life insurance program sponsored by the military department of the State in which such member holds his National Guard membership or by the National Guard association of such State if the State or association concerned has agreed in writing to reimburse the United States for all costs incurred by the United States in providing for such allotments. The amount of such costs and procedures for reimbursements shall be determined by the Secretary of Defense and his determination shall be conclusive. All amounts of reimbursements for such costs received by the United States from a State or an association shall be credited to the appropriations or funds against which charges have been made for such costs.
Id.
Currently, in Oklahoma, the SSLI offered by the Oklahoma National Guard Association is administered by the Militia Administrative Services and underwritten by the New York Life Insurance Company.See Three SSLI Programs.
Thus, the answer to your first question is that the term "State Sponsored Life Insurance" ("SSLI"), as used in 44 O.S. Supp. 2005, § 77[44-77], means life insurance offered by the State or by the Oklahoma National Guard Association to the association's members. In Oklahoma such insurance is currently available from the Oklahoma National Guard Association. See Three SSLI Programs.
 III. ADJUTANT GENERAL'S LIMITED POWER UNDER44 O.S. SUPP. 2005, § 77
All three of your remaining questions deal with 44 O.S. Supp. 2005, § 77[44-77]'s authorization of the Adjutant General to purchase life insurance for members of the National Guard. You ask whether the Adjutant General is authorized to enter into a contract to purchase insurance from the National Guard Association, whether the Adjutant General is authorized or required to do so with or without the consent of the members, and whether the Adjutant General has the power to require members of the Guard to accept a SSLI policy through the Oklahoma National Guard Association. The answer to all three of these questions is no.
Under both of the existing insurance programs specified in 44 O.S. Supp. 2005, § 77[44-77], it is the individual member of the National Guard who chooses what, if any, life insurance coverage he or she desires and whether he or she will participate in either the SGLI program offered by the federal government, or the SSLI program presently available through the Oklahoma National Guard Association. The statute merely authorizes the Adjutant General to expend State funds specifically appropriated by the Legislature for "payment/reimbursement of insurance premiums" to provide coverage under either program up to the amount of Two Hundred Fifty Thousand Dollars ($250,000) for qualified military members of the Oklahoma Army and Air National Guard. See id.
The intent of the statute was to take advantage of existing insurance programs, not to alter them. Under both programs it is the individual Guard member who determines 1) the amount of life insurance coverage, if any, and 2) who will provide that coverage — either the SGLI, under federal law, or SSLI provided through the National Guard Associations. It is only the payment or reimbursement of the premiums that is authorized under the new statute, not the formation of the insurance contracts themselves.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. As used in 44 O.S. Supp. 2005, § 77[44-77], which authorizes the expenditure of State funds for "payment/reimbursement of insurance premiums" to provide life insurance for qualified military members of the Oklahoma National Guard, the term "State Sponsored Life Insurance" ("SSLI"), means life insurance directly offered by the State or through the Oklahoma National Guard Association to its members.
 2. The provisions of 44 O.S. Supp. 2005, § 77[44-77], authorize the Oklahoma Adjutant General to expend State funds specifically appropriated by the Legislature for the "payment/reimbursement of insurance premiums" to provide life insurance coverage, up to the amount of $250,000 for military members of the Oklahoma Army and Air National Guard who are in good standing in their units and satisfactorily perform all required training. Id.
 3. The statutory authorization in 44 O.S. Supp. 2005, § 77[44-77], empowers the Adjutant General to pay/reimburse life insurance premiums for the coverage of qualified military members under either 1) Servicemembers' Groups Life Insurance ("SGLI") — offered by the federal government, or 2) State Sponsored Life Insurance (`SSLI") — presently offered through the Oklahoma National Guard Association.
 4. Under both programs, it is the individual military members who determine whether they will participate in either insurance program and the amount of coverage to be provided. The statute does not authorize the Adjutant General to make these decisions. Rather, the statute merely authorizes the Adjutant General to pay for or reimburse the insurance premiums for the coverage chosen by the National Guards' qualified military members under either of the two specified insurance programs.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
CLAUDIA CONNER ASSISTANT ATTORNEY GENERAL
H-55